## J. B. KIRKLAND *v.* JOSEPH F. A. BOYLE.

A person who voluntarily makes himself a party to a suit already pending, claims a privilege upon the property attached, sequesters and bonds it, neglects to defend the suit, and suffers judgment to go against him on the bond, cannot defeat that judgment on account of the irregularities of the plaintiff's proceedings. These irregularities should have been urged, as matters of defence, before judgment.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Elmore* and *King*, for plaintiff. *R. H. Marr*, for defendant. By the court: *(Eustis,* C. J. dissenting.)

PRESTON, J. A suit was commenced, by attachment, on a protested draft of the clerk in favor of, and endorsed by, the captain of the steamboat Mohawk. The boat was attached, and *Butler*, the clerk, and *Shields*, the master, were cited, the last for the owners of the boat as well as for himself. *Pennington* and others, claiming to be the owners of the boat, gave bond to the sheriff and released the attachment.

The next day the plaintiff applied for and obtained a sequestration of the boat, alleging in his affidavit, that the bill of exchange upon which the suit was brought, was given for money advanced by the plaintiff for the use and benefit of the boat on her last voyage, and that he had a lien and privilege upon her for the amount of his claim. A supplemental petition was filed alleging these facts, and claiming the privilege.

The supplemental petition does not appear to have been served upon any one. But the present defendant, *Joseph F. A. Boyle*, appeared, made affidavit that he and *George R. Price* were then the owners of the steamboat Mohawk, and were in possession of her. The affidavit was filed in the suit, and, by consent of parties, the boat was released from the sequestration on *Boyle* and *Price* giving bond for that price.

The bond recites that, " Whereas, by virtue of a writ of sequestration issued out of the Fourth District Court of New Orleans, at the suit of *J. B. Kirkland v. The Captain and Owners of the Steamboat Mohawk*, and which suit is now pending therein, the steamboat Mohawk had been seized and was detained according to law, and was released and delivered to *Boyle* and *Price* by consent, upon the appearance of said *Boyle* and *Price* in the said suit, and delivering to the sheriff the present obligation ; the condition of which is, that if the said *Boyle* and *Price* shall not send the above described property out of the jurisdiction of the court, and will faithfully present the same in case they should be decreed to restore the same to the sheriff, or shall satisfy such judgment as may be rendered in the suit pending as above mentioned, then the obligation to be void, or else to remain in full force." It was duly executed, delivered to the sheriff, and assigned to the plaintiff.

The plaintiff proceeded with his suit, took a judgment by default, against the captain and clerk, whom he had made parties, and, upon testimony offered by him, had it confirmed against them, with privilege on the property attached, that is, the steamboat Mohawk ; for the attachment had not been set aside, except by bond. An unsuccessful attempt to set it aside had been made by persons alleging themselves to be owners at the time it was levied.

47

The plaintiff next issued execution on the judgment, which has been returned unsatisfied. He has now sued *Boyle* and *Price* on their bond, alleging that they made themselves parties to the suit, bonded the boat sequestered, and have violated the condition of their bond by not subjecting her to his execution, or satisfying his judgment as they bound themselves to do. Judgment by default, was taken against them, and was confirmed. *Boyle* moved to annul the judgment, which was refused as to him, and he has appealed.

The leading grounds of argument in support of his appeal are: 1. That the plaintiff having elected his remedy of attachment against the steamboat Mohawk, could not afterwards proceed by sequestration. 2. That there was no cause set forth for a sequestration in either the affidavit or petition for a sequestration, the funds having been supplied for the use and benefit only of the boat, not for her necessities as required by the code. 3. That the record shows that there has been no judgment rendered in the suit by sequestration, and that the condition upon which the sequestration bond, given by the defendants, was to become absolute, has never happened. 4. That the petition and exhibits filed in the present suit, show that no such judgment, as has been rendered, could legally have been rendered against the defendants, and it is contrary to law and to the evidence.

The proceedings of the plaintiff have certainly been irregular and inaccurate. He should have caused his supplemental petition to have been served upon the owners of the boat; should have taken judgment by default, and had it confirmed against them, and not against the captain and clerk alone. And he should have had his privilege upon the boat sequestered, decreed contradictorily with the owners.

But can the judgment, appealed from, be set aside and annulled for these irregularities, or any of the reasons urged by the defendant? He is chargable with equal errors and defaults. He, with his partner, purchased the steamboat Mohawk, while a suit was pending against her for a debt of the owners. He voluntarily made himself a party to that suit by filing in it his affidavit, that he and *Price* were the owners of the boat. They bonded the boat when sequestered, on a claim of privilege, for money supplied for her use and benefit during the last voyage. Being thus parties to the suit and to the sequestration, they should, by answer, intervention or otherwise, have defended it, if there was a defence. Had they done so, the irregularities complained of would not have occurred. If the plaintiff had no privilege it would have been so decreed, and the sequestion have been dismissed.

Had the defendant presented the irregularities in the plaintiff's proceedings and his other grounds of defence, by exception, answer or otherwise, to the suit on his bond, he might have obtained relief, if they were well founded. But he suffered judgment by default, to be made final, and now rules the defendant to annul it for reasons, which should have been formally presented before issue joined by a judgment by default.

Both parties being equally in default as to the irregularities in these suits, we will yield to that substantial justice between them which, as far as we can judge from the record, we believe has been rendered.

We think substantial justice has been done, because the bill of exchange purports to have been given on account of the boat, and it has never been attacked by the owners as not having been given for her use. The defendant purchased the boat while a suit was pending for the claim, and she was attached to secure it. We have no doubt he knew of the claim. An affidavit was then made for

a sequestration, showing that the bill of exchange was given for the use and benefit of the boat, on her last voyage, and claiming a privilege upon her for its payment. Perhaps the sequestration might have been set aside, because the plaintiff had resorted to the process of attachment; perhaps, because he had not shown that the money was furnished for the necessities of the boat, and that there may be an essential distinction, as contended, between what is furnished for the use and benefit and what is furnished for the necessities of the boat. Still it was never set aside until the court decreed, in a suit to which the defendant voluntarily made himself a party, that the plaintiff had a privilege upon the boat for his claim. From this decree an appeal was never taken. The debt now claimed is therefore due from the boat, as decreed by judgment. The defendant and *Price* purchased her, while a suit was pending to enforce it by attachment. Sequestration having then been resorted to in the same suit, they did not apply to set it aside as unlawfully issued, but gave bond *in solido* to produce the boat and subject her to execution, or to satisfy the judgment that has been rendered, and which is no longer appealable.

They have not produced the boat, and the execution is returned unsatisfied. The bond sued upon, by its terms, obliges the defendant to satisfy the judgment. To that effect he has been condemned by the district court, and we cannot say that substantial justice has not been done.

The judgment is affirmed, with costs in both courts.